UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Jesus Fernandez,

        Plaintiff,

v.

CBE Group, Inc.; and DOES 1-10, inclusive,

        Defendants.

Civil Action No.: _____

**COMPLAINT**

For this Complaint, the Plaintiff, Jesus Fernandez, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA") and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Jesus Fernandez ("Plaintiff"), is an adult individual residing in Pinecrest, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. Defendant CBE Group, Inc. ("CBE"), is a Massachusetts business entity with an address of 84 State Street, Boston, Massachusetts 02109, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C.A. § 153(39).

6. Does 1-10 (the "Collectors") are individual collectors employed by CBE and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CBE at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CBE for collection, or CBE was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CBE Engages in Harassment and Abusive Tactics

12. Prior to and within the last year, CBE contacted Plaintiff in an attempt to collect the Debt from a person other than Plaintiff (the "Debtor").

2

13.     During all times mentioned herein, CBE called Plaintiff on his cellular telephone 305-xxx-3827 using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial message on a cellular telephone

14.     When Plaintiff answered the phone, he was met with a period of silence followed by an automated click at which point the call was transferred to a CBE operator.

15.     The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

16.     Plaintiff does not know how CBE acquired his cellular phone number.  Plaintiff did not provide it to CBE or the original creditor.

17.     Plaintiff did not provide prior express consent to CBE to place calls to his cellular phone number.

18.     Plaintiff does not know the Debtor and is no way responsible for the repayment of the Debt.

19.     During a live conversation, Plaintiff informed CBE that it was calling his personal cellular telephone and that the Debtor was unknown to him and unreachable at his telephone number.

20.     Plaintiff instructed CBE to remove his telephone number from the account and cease all communications with him.

21.     However, despite knowing the Debtor could not be reached at Plaintiff's number and ignoring Plaintiff's request to stop the calls, CBE continued calling Plaintiff repeatedly in an attempt to collect the Debt.

3

### C. Plaintiff Suffered Actual Damages

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted Plaintiff for purposes other than to confirm or correct location information of a third party.

26. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff in regards to the third party's debt on numerous occasions, without being asked to do so.

27. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

29. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

4

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

34. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

37. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*,

18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

38. Defendant's telephone systems have all the earmarks of a Predictive Dialer.

39. Often times when Plaintiff answered the phone, Defendant's telephone system did not connect the call to a live representative and the phone system would terminate the call.

40. Often times when Plaintiff answered the phone, he was met with a period of silence before Defendant's telephone system would connect him to the next available representative.

41. Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

42. Plaintiff never provided his cellular telephone to Defendant and never provided his consent to be contacted on his cellular telephone, and in fact instructed Defendant to stop all calls to him.

43. Plaintiff never provided his cellular telephone to the Creditor and never gave consent to the Creditor to contact him on his cellular telephone number.

44. In the event Defendant at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his demands to cease calls to his cellular telephone.

45. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

6

Case 6:14-cv-02056-LRR   Document 1   Filed 05/01/14   Page 6 of 9

46. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

47. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

48. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

49. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

51. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

52. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced telephone calls.

53. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

7

54. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

55. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

56. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 1, 2014

        Respectfully submitted,

        By   /s/ Sergei Lemberg

        Sergei Lemberg (BBO# 650671)
        LEMBERG LAW, L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        Attorneys for Plaintiff

9

Case 6:14-cv-02056-LRR   Document 1   Filed 05/01/14   Page 9 of 9