IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

JESUS FERNANDEZ,

    Plaintiff,

v.

CBE GROUP, INC.,

    Defendant.

Case No.: 6:14-cv-02056-LRR

## ANSWER

Defendant, CBE GROUP, INC., through its undersigned counsel, for its answer, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. ("TCPA") and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

**ANSWER:** **Defendant admits that plaintiff's complaint purports to allege violations of the FDCPA and TCPA and invasion of personal privacy. Defendant denies violating any law, denies invasion of Plaintiff's personal privacy, denies any illegal efforts and denies all remaining allegations contained within this paragraph.**

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**ANSWER:** **Defendant admits that, at times, it may have made telephone calls and/or mailed letters, in general, to telephone prefixes and/or addresses possibly located within this District. Defendant admits that it maintains offices in Iowa. Defendant admits that venue is proper in this District. Defendant denies all remaining allegations contained within this paragraph.**

## PARTIES

4. The Plaintiff, Jesus Fernandez ("Plaintiff"), is an adult individual residing in Pinecrest, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C.A. § 153(39).

**ANSWER:** **Defendant denies Plaintiff is a consumer. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

5. Defendant CBE Group, Inc. ("CBE"), is a Massachusetts business entity with an address of 84 State Street, Boston, Massachusetts 02109, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C.A. § 153(39).

**ANSWER:** **Defendant admits that it is an Iowa corporation that, at times, attempts to collect debt. Defendant admits that it has an address at 1309 Technology Parkway, Cedar Falls, Iowa 50613. Defendant denies all remaining allegations contained within this paragraph.**

6. Does 1-10 (the "Collectors") are individual collectors employed by CBE and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

7. CBE at all times acted by and through one or more of the Collectors.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

10. The Debt was purchased, assigned or transferred to CBE for collection, or CBE was employed by the Creditor to collect the Debt.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

### B. CBE Engages in Harassment and Abusive Tactics

12. Prior to and within the last year, CBE contacted Plaintiff in an attempt to collect the Debt from a person other than Plaintiff (the "Debtor").

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

3

130894412v1 0958697
Case 6:14-cv-02056-LRR   Document 15   Filed 09/19/14   Page 3 of 14

13. During all times mentioned herein, CBE called Plaintiff on his cellular telephone 305-xxx-3827 using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial message on a cellular telephone

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

14. When Plaintiff answered the phone, he was met with a period of silence followed by an automated click at which point the call was transferred to a CBE operator.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

15. The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

16. Plaintiff does not know how CBE acquired his cellular phone number. Plaintiff did not provide it to CBE or the original creditor.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

17. Plaintiff did not provide prior express consent to CBE to place calls to his cellular phone number.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

18. Plaintiff does not know the Debtor and is no way responsible for the repayment of the Debt.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

19. During a live conversation, Plaintiff informed CBE that it was calling his personal cellular telephone and that the Debtor was unknown to him and unreachable at his telephone number.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

20. Plaintiff instructed CBE to remove his telephone number from the account and cease all communications with him.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

21. However, despite knowing the Debtor could not be reached at Plaintiff's number and ignoring Plaintiff's request to stop the calls, CBE continued calling Plaintiff repeatedly in an attempt to collect the Debt.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

### C. Plaintiff Suffered Actual Damages

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:** **Defendant incorporates by reference its answers and denials, respectively, to all of the above paragraphs as though fully stated herein.**

25. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted Plaintiff for purposes other than to confirm or correct location information of a third party.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

26. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff in regards to the third party's debt on numerous occasions, without being asked to do so.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

27. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

28. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

29. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

31. The Plaintiff is entitled to damages as a result of Defendants' violations.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

### COUNT II
### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:** **Defendant incorporates by reference its answers and denials, respectively, to all of the above paragraphs as though fully stated herein.**

33. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

34. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

## COUNT III VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:** **Defendant incorporates by reference its answers and denials, respectively, to all of the above paragraphs as though fully stated herein.**

36. At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

37. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call..."*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

**ANSWER:** **Defendant admits that plaintiff's complaint purports to cite to an out-of-context, incomplete and mischaracterized portion of an FCC order. Defendant denies all remaining allegations contained within this paragraph.**

38. Defendant's telephone systems have all the earmarks of a Predictive Dialer.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

39. Often times when Plaintiff answered the phone, Defendant's telephone system did not connect the call to a live representative and the phone system would terminate the call.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

40. Often times when Plaintiff answered the phone, he was met with a period of silence before Defendant's telephone system would connect him to the next available representative.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

41. Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

42. Plaintiff never provided his cellular telephone to Defendant and never provided his consent to be contacted on his cellular telephone, and in fact instructed Defendant to stop all calls to him.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

43. Plaintiff never provided his cellular telephone to the Creditor and never gave consent to the Creditor to contact him on his cellular telephone number.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

44. In the event Defendant at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his demands to cease calls to his cellular telephone.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

45. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

46. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

47. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

48. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

49. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER: Defendant incorporates by reference its answers and denials, respectively, to all of the above paragraphs as though fully stated herein.**

50. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

**ANSWER: Defendant admits that plaintiff's complaint purports to cite to an out-of-context, incomplete and mischaracterized portion of The Restatement of Torts. Defendant denies all remaining allegations contained within this paragraph.**

51. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

**ANSWER: Defendant admits that plaintiff's complaint purports to cite to an out-of-context, incomplete and mischaracterized portion of Massachusetts state law. Defendant denies all remaining allegations contained within this paragraph.**

52. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced telephone calls.

**ANSWER: Defendant denies all allegations contained within this paragraph.**

53. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

**ANSWER: Defendant denies all allegations contained within this paragraph.**

54. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

**ANSWER: Defendant denies all allegations contained within this paragraph.**

55. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

56. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

## DEFENSES

Defendant, CBE GROUP, INC., through its undersigned counsel, for its defenses, states as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim and/or cause of action upon which relief may be granted and plaintiff's claims are barred in whole or in part because they fail to state claims upon which relief may be granted.

### SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, which defendant denies occurred, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD DEFENSE

Upon information and belief, plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

## FOURTH DEFENSE

Defendant has retained attorney(s) to represent its interests and is obligated to pay said attorney's fees related to the same. Defendant is entitled to the award of attorney's fees pursuant to 15 U.S.C. § 1692k.

## FIFTH DEFENSE

This Court lacks original jurisdiction over the Telephone Consumer Protection Act ("TCPA") claims. 47 U.S.C. § 227(b)(3).

## SIXTH DEFENSE

Defendant established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA and the Massachusetts Consumer Protection Act. Any purported violation of these laws, which Defendant denies occurred, was unintentional, and occurred despite of procedures reasonably adapted and maintained to avoid such error.

## SEVENTH DEFENSE

Plaintiff consented to being telephoned, receiving facsimiles, being contacted and/or receiving communications at the numbers provided and/or otherwise waived the right to claim lack of consent. This defense is asserted in the alternative to the argument that lack of consent is an element of a plaintiff's TCPA claim.

## EIGHTH DEFENSE

Plaintiff's claims are barred or diminished due to Plaintiff's failure to mitigate damages.

## NINTH DEFENSE

To the extent that any violation of the TCPA occurred, which defendant denies, it resulted from good faith reliance upon incorrect information offered by other persons or entities other than an agent, servant or employee of defendant.

## TENTH DEFENSE

Plaintiff lacks Article III standing with regard to his/her claims to the extent he/she is unable to demonstrate that he/she incurred any actual injury.

## ELEVENTH DEFENSE

Plaintiff lacks standing to assert claims under the TCPA against Defendant.

## TWELFTH DEFENSE

The TCPA violates the First Amendment's Free Speech Clause.

## THIRTEENTH DEFENSE

Plaintiff failed to send Defendant a written demand for relief, as required by the Massachusetts Consumer Protection Act, thirty (30) days before filing suit.

## FOURTEENTH DEFENSE

Defendant reserves the right to assert additional, separate and alternative affirmative defenses as discovery warrants.

**WHEREFORE,** defendant prays for an order and judgment of this Court in its favor against plaintiff as follows:

1. Dismissing all causes of action against defendant with prejudice and on the merits;

2. Awarding costs and attorney's fees pursuant to 28 U.S.C. §§ 1920, 1927 and 15 U.S.C. § 1692k in favor of defendant; and

3. Awarding defendant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Benjamin P. Roach     AT0006588
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1600
Des Moines, IA 50309
Telephone: 515-283-3100
Facsimile: 515-283-3108
E-Mail: bproach@nyemaster.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2014, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Sergei Lemberg
Lemberg Law L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: 203-653-2250
Facsimile: 203-653-3424

ATTORNEYS FOR PLAINTIFF

/s/ Benjamin P. Roach
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1600
Des Moines, IA 50309
Telephone: 515-283-3100
Facsimile: 515-283-3108
E-mail: bproach@nyemaster.com